UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT GAGE** | **CIVIL ACTION NO. 3:11-cv-0828** |
|     **LA. DOC #87495** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **ALVIN JONES** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Robert Gage, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 2, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. When he filed this complaint he was incarcerated at the Riverbend Detention Center (RDC), Lake Providence, Louisiana; however, he was subsequently transferred to the Claiborne Parish Detention Center, Homer, Louisiana.

Plaintiff contracted Hepatitis - C. He faulted RDC's Warden and his assistant alleging that he received inappropriate treatment for this disease by the medical staff at RDC. He has requested a transfer to the Forcht-Wade Corrections Center, or medical parole, and money damages. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

Plaintiff was sentenced to serve 10 years following his conviction for DWI Fourth Offense. In the summer of 2006 he was transferred from the Natchitoches Detention Center to the Forcht-Wade Corrections Center for processing. A physical examination conducted there revealed that he had contracted Hepatitis - C. On some unspecified date he was transferred to "... D.O.C. facilities

that have no medical staff who are knowledgeable of the nuances and pitfalls of this disease and subsequently, [he] has had several medical alerts directly related to this sometimes fatal medical condition." He subsequently was diagnosed with gall stones and believes that he will need surgery to correct that condition.

In his original complaint filed on June 2, 2011, he complained that Warden Jones was either negligent, deliberately indifferent, or reckless in his "... disregard for the plaintiff's right to be free from improper supervision and the right to receive medical treatment in a timely manner." He faulted Jones for his "failure to supervise the medical officials in protecting [his] constitutional right to be provided adequate medical treatment in a reasonable time." He requested "injunctive relief against the warden", ostensibly, an order directing the warden to transfer him to the Forcht-Wade facility. Prior to filing suit, he submitted a grievance to the LDOC requesting such a transfer and on November 17, 2010 the Secretary denied his request and advised plaintiff to "... coordinate all transfer request[s] with the Warden at the facility in which you are housed." He submitted a similar request to the Parole Board seeking a medical parole and was advised that he must obtain such a recommendation from the medical section of the institution where he is incarcerated, from the institution's warden and then from the Secretary of the LDOC. [Doc. 1]

On October 20, 2011, plaintiff was transferred from RDC to his present place of confinement, the Claiborne Detention Center. [Doc. 10] On December 8, 2011, plaintiff filed an amended complaint alleging the same facts as alleged in his original complaint. However, in this amended complaint he prayed for damages in the amount of $375,000 and a medical parole. [Doc. 12]

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915A and 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's original complaint set forth his claim and the basis for his cause of action; he has filed an amended complaint and exhibits, namely copies of his administrative remedies procedure grievances which were submitted to the LDOC and the Louisiana Parole Board and these exhibits provide additional details and facts in support of his claims for relief. He need not be permitted further amendment because his complaint – taken as true for the purposes of this report – fail to state a claim for which relief may be granted.

## 2. Medical Care

Plaintiff is a convict who complains that he has been denied prompt and appropriate medical care by the medical staff at RDC. Both now and when his claims arose, plaintiff was a convicted inmate in the custody of the Louisiana Department of Corrections. The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

The delay or denial of medical care can violate the Eighth Amendment only if there has been

deliberate indifference that results in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). In such cases, the facts underlying a claim of deliberate indifference must clearly evince the serious medical need in question and the alleged official dereliction. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "[T]he plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. (internal quotation marks and citation omitted). Thus, "mere negligence, neglect, or medical malpractice" cannot constitute deliberate indifference. *Varnado*, 920 F.2d at 321. Even "gross negligence" does not establish deliberate indifference. *Hernandez v. Tex. Dep't of Prot. and Reg. Servs*., 380 F.3d 872, 882 (5th Cir. 2004).

Plaintiff has alleged (but not established) fault on the part of the medical staff at RDC; however, other than conclusory allegations, he has alleged no fault whatsoever with regard to the only named defendant, Warden Jones. Indeed, it appears that plaintiff has sued the Warden in his supervisory capacity alleging only that Jones failed to properly supervise his medical staff. However, "[s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex*., 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div*., 37 F.3d 1146, 1150 (5th Cir.1994), *cert.*

5

*denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

Plaintiff has not alleged personal involvement on the part of Warden Jones and his claims of deliberate indifference, negligence, and reckless conduct on the part of Warden Jones, are conclusory at best. In any event, plaintiff has not alleged facts sufficient to establish deliberate indifference on the part of Warden Jones and therefore, plaintiff's complaint, insofar as he seeks money damages from the Warden fails to state a claim for which relief may be granted.

### 3. Mootness

Plaintiff also implies that he is entitled either to be transferred to the Forcht-Wade facility or to a medical parole. Plaintiff thus seeks prospective injunctive relief. Plaintiff, however, was transferred from RDC to his present place of confinement and Warden Jones no longer exercises authority over him. The transfer of a prisoner out of an allegedly offending institution generally render his claims for injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief). Plaintiff prays for prospective injunctive relief – an injunction directing the defendant, Warden Jones to either transfer the plaintiff to Forcht-Wade or to grant him medical parole. However, since plaintiff is no longer incarcerated at the RDC, and since he is no longer under the authority of Warden Jones, his claims for injunctive relief against the Warden are moot

6

and subject to dismissal for failing to state a claim for which relief may be granted.

*Conclusion and Recommendation*

Plaintiff has not alleged facts sufficient to establish deliberate indifference on the part of Warden Jones; further, his transfer from RDC renders his request for prospective injunctive relief moot. Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 3, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

7